TRACY HOPE DAVIS
United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, New York 10004
Telephone: (212) 510–0500

HEARING DATE: March 4, 2011 (10:00 a.m.)
OBJECTIONS: March 1, 2011 (4:00 p.m.)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re                                                   :  Case No. 10-24368 (RDD)
                                                        :
**ARDSLEY VILLAGE SQUARE, INC.,**                       :  (Chapter 11)
                                                        :
                                            Debtor.     :
------------------------------------------------------- x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law, Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee") will move this Court before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on **March 4, 2011, at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order dismissing this Chapter 11 case, or alternatively, converting the case to one under Chapter 7, and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE,** that objections or other responses, if any, to the motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties in interest must file on a 3.5-inch disk (preferably in Portable Document Format, or PDF, WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the Chambers of the Honorable Robert D. Drain, and (e) be served upon the United States

Trustee, 33 Whitehall Street, 21st floor, New York, New York 10004 (Attn: Andrew D. Velez-Rivera), no later than the objection date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
February 18, 2011

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

**By:** /s/ *Andrew D. Velez-Rivera*
Trial Attorney
33 Whitehall Street
21st Floor
New York, New York 10004
Tel. No. (212) 510-0500
Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re                                                    :  Case No. 10-24368 (RDD)
                                                         :
**ARDSLEY VILLAGE SQUARE, INC.,**                        :  (Chapter 11)
                                                         :
                                        Debtor.          :
                                                         :
-------------------------------------------------------- x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER DISMISSING CHAPTER 11 CASE,
OR ALTERNATIVELY, CONVERTING THE CASE TO ONE UNDER CHAPTER 7**

**TO:  THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:**

This memorandum of law is respectfully filed in support of the motion (the "Motion") of Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee") for an order dismissing this Chapter 11 case of Ardsley Village Square, Inc. (the "Debtor"), or alternatively, converting the case to Chapter 7. The United States Trustee respectfully represents and states as follows:

**INTRODUCTION**

This is a recently-filed Chapter 11 case in which the Debtor is incurring continuing losses and cannot rehabilitate its financial affairs. The Debtor owned and operated two parcels of improved real estate (the "Properties") encumbered by the liens of a single, under-secured creditor, Ridgewood Savings Bank ("Ridgewood"). Ridgewood has successfully obtained an order lifting the automatic stay in this Court with respect to both properties. There are no other assets reasonably capable of administration for the benefit of creditors. Accordingly, this case should be dismissed, or alternatively, converted to Chapter 7.

**FACTS**

General

1.  On November 12, 2010 (the "Filing Date"), the Debtor commenced this Chapter 11 case by filing a voluntary Chapter 11 petition (the "Petition"). Docket No. 1.

2. The Debtor is in the business of owning and operating the Properties, both located in Ardsley, New York. Docket No. 8, Rule 1007 Affidavit, ¶ 1, at 1.

3. The Debtor appeared at its Initial Debtor Interview, and at its Meeting of Creditors, which was held and concluded on December 15, 2010.

4. The first property is known as 12 Center Street, and according to testimony adduced at the Meeting of Creditors, such property is a mixed-use facility consisting of one commercial and one residential unit. The second property is known as 708 Saw Mill River Road, which according to testimony at the Meeting of Creditros, is a four-unit apartment building. Both Properties were rented out as of the Filing Date. Docket No. 6, Schedule A.

5. Since the Filing Date, the Debtor has continued in possession of its business within the meaning of 11 U.S.C. § 1104.

6. The United States Trustee was unable to form a committee of unsecured creditors in this case.

The Debtor's Assets and Liabilities

7. According to the Debtor's Schedules, the combined value of the Properties is $1.5 million. Docket No. 6, Schedule A. An appraisal performed by Ridgewood indicates a total value of $2.43 million as of August 2010. Docket No. 11, Motion for Relief From Automatic Stay, ¶ 18, at 4.

8. In terms of personal property, the Debtor's Schedules list $6,000 in cash held in an account. Docket No. 6, Schedule B.

9. According to the Debtor's Schedules, its debt to Ridgewood as of the Filing Date was $2.3 million. *Id.*, Schedule D. Ridgewood, however, asserts that such debt amount was $2,933,587.73. Docket No. 11, Motion for Relief From Automatic Stay, ¶ 14, at 4.

10. In addition to the secured debt of Ridgewood, the Debtor lists unsecured claims of $10,800 in its Schedules. Docket No. 6, Schedule F.

The Relief From Stay Proceedings

11. On December 20, 2010, Ridgewood filed a motion to lift the automatic stay in this Court. Docket No. 11. According to Ridgewood, prior to the Filing Date, a receiver was appointed at its behest, and a Judgement of Foreclosure and Sale was entered in New York Supreme Court. *Id.*, ¶ 12-13, at 3. The Debtor did not file a written opposition to such motion (*see* Docket), but appeared at the hearing thereon on February 15, 2011.

12. On February 17, 2011, the Court entered its Order Pursuant to 11 U.S.C. § 362(d) Modifying Automatic Stay Imposed by 11 U.S.C. § 362(a) (the "Lift Stay Order," Docket No. 17). Pursuant to the Lift Stay Order, "the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under sections 362(d)(1) and (2) of the Bankruptcy Code as to the Bank's interests in the Propert[ies] to allow the Bank's enforcement of its rights in, and remedies in and to, the Propert[ies]." *Id.*, at 2.

## ARGUMENT

Section 1112(b) of the Bankruptcy Code, as recently amended by the "Bankruptcy Technical Corrections Act of 2010," P.L. No. 111-327 (the "Corrections Act"), describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case or for the dismissal of a Chapter 11 case in its entirety. *See* 11 U.S.C. § 1112(b)(1). Under this provision, the court may find cause in the following circumstances, among others: (1) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, [§ 1112(b)(4)(A)]; and (2) failure to pay any fees or charges required under chapter 123 of title 28, [§ 1112(b)(4)(K)]. These two enumerated causes are present here.

First, under the two-part standard of § 1112(b)(4)(A), the continuing accrual of professional fees represents a diminution of the estate. In re Memorial Corp., 386 B.R. 548, 552 (Bankr. D. Del. 2008).

3

Also under § 1112(b)(4)(A), even though the Debtor has been in Chapter 11 for only approximately four months, it appears that its business will not be capable of rehabilitation. The automatic stay has been lifted, and Ridgewood may now conclude its foreclosure upon the Properties. A foreclosure upon the Properties, which are the Debtor's primary assets, is a substantial loss to the Debtor's estate.

Moreover, without the Properties, the Debtor does not have any significant assets with which to reorganize. Cash held in its account as of the Filing Date had declined to zero as of December 31, 2011. Operating Report for December 2010, Docket No. 16, at 1. Any rents and receivables generated from the Properties is the cash collateral of Ridgewood. Debtor's Motion to Use Cash Collateral, Docket No. 12.

The foregoing two reasons constitute cause under 11 U.S.C. § 1112(b)(4)(A)(substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation).

In addition to the foregoing, the Debtor has not paid fees to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6). This omission constitutes further cause for the dismissal or conversion of the case. 11 U.S.C. § 1112(b)(4)(K)(failure to pay any fees or charges required under chapter 123 of title 28).

If the movant establishes cause, section 1112(b)(2), as recently amended by the Corrections Act, now requires a court to convert a reorganization case to Chapter 7, or dismiss, unless the Court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(2). The United States Trustee, however, has not identified any unusual circumstances, and has no reason to believe that the appointment of a Chapter 11 trustee or examiner is in the best interests of creditors or the estate.

**Dismissal is Preferred.** Accordingly, based upon the foregoing, cause exists to dismiss this case, or in the alternative, convert it to Chapter 7. Dismissal is the remedy preferred by the United States Trustee. As set forth above, the secured debt of Ridgewood far exceeds the value of the Properties, leaving no opportunity for unsecured creditors to obtain any recoveries from such value. What little cash existed in the estate as of the Filing Date, moreover, has now been expended. No other assets appear capable of administration by a Chapter 7 trustee.

**WHEREFORE,** the United States Trustee respectfully requests that the Court grant the Motion, and enter an order dismissing this Chapter 11 case, or in the alternative, converting the case to under Chapter 7, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an order dismissing this Chapter 11, or, in the alternative, converting this Chapter 11 case to Chapter 7, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
February 18, 2011

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Andrew D. Velez-Rivera*
Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York 10004
Tel. No. (212) 510-0500
Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re                                                        :  Case No. 10-24368 (RDD)
                                                             :
**ARDSLEY VILLAGE SQUARE, INC.,**                            :  (Chapter 11)
                                                             :
                                        Debtor.              :
                                                             :
------------------------------------------------------------- x

# DECLARATION OF ANDREW D. VELEZ-RIVERA IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DISMISSING CHAPTER 11 CASE, OR ALTERNATIVELY, CONVERTING THE CASE TO ONE UNDER CHAPTER 7

I am a Trial Attorney for movant, Tracy Hope Davis, the United States Trustee for Region 17 (the "United States Trustee"). Within her Office, I am responsible for monitoring this chapter 11 case captioned above on her behalf. I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review earlier today of the docket of this case on the PACER information system. If called, I would testify to the following:

General

1.  On November 12, 2010 (the "Filing Date"), the Debtor commenced this Chapter 11 case by filing a voluntary Chapter 11 petition (the "Petition"). Docket No. 1.

2.  The Debtor is in the business of owning and operating the Properties, both located in Ardsley, New York. Docket No. 8, Rule 1007 Affidavit, ¶ 1, at 1.

3.  The Debtor appeared at its Initial Debtor Interview, and at its Meeting of Creditors, which was held and concluded on December 15, 2010.

4.  The first property is known as 12 Center Street, and according to testimony adduced at the Meeting of Creditors, such property is a mixed-use facility consisting of one commercial and one residential unit. The second property is known as 708 Saw Mill River Road, which according to testimony at the Meeting of Creditros, is a four-unit apartment building. Both Properties were rented out as of the Filing Date. Docket No. 6, Schedule A.

5. Since the Filing Date, the Debtor has continued in possession of its business within the meaning of 11 U.S.C. § 1104.

6. The United States Trustee was unable to form a committee of unsecured creditors in this case.

The Debtor's Assets and Liabilities

7. According to the Debtor's Schedules, the combined value of the Properties is $1.5 million. Docket No. 6, Schedule A. An appraisal performed by Ridgewood indicates a total value of $2.43 million as of August 2010. Docket No. 11, Motion for Relief From Automatic Stay, ¶ 18, at 4.

8. In terms of personal property, the Debtor's Schedules list $6,000 in cash held in an account. Docket No. 6, Schedule B.

9. According to the Debtor's Schedules, its debt to Ridgewood as of the Filing Date was $2.3 million. *Id.*, Schedule D. Ridgewood, however, asserts that such debt amount was $2,933,587.73. Docket No. 11, Motion for Relief From Automatic Stay, ¶ 14, at 4.

10. In addition to the secured debt of Ridgewood, the Debtor lists unsecured claims of $10,800 in its Schedules. Docket No. 6, Schedule F.

The Relief From Stay Proceedings

11. On December 20, 2010, Ridgewood filed a motion to lift the automatic stay in this Court. Docket No. 11. According to Ridgewood, prior to the Filing Date, a receiver was appointed at its behest, and a Judgement of Foreclosure and Sale was entered in New York Supreme Court. *Id.*, ¶ 12-13, at 3. The Debtor did not file a written opposition to such motion (*see* Docket), but appeared at the hearing thereon on February 15, 2011.

12. On February 17, 2011, the Court entered its Order Pursuant to 11 U.S.C. § 362(d) Modifying Automatic Stay Imposed by 11 U.S.C. § 362(a) (the "Lift Stay Order," Docket No. 17). Pursuant to the Lift Stay Order, "the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under sections 362(d)(1) and (2) of the Bankruptcy Code as to the

Bank's interests in the Propert[ies] to allow the Bank's enforcement of its rights in, and remedies in and to, the Propert[ies]." *Id.*, at 2 .

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this eighteenth day of February 2011, at New York, New York.

*/s/ Andrew D. Velez-Rivera*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
In re                                                      :   Case No. 10-14368 (RDD)
                                                           :
**ARDSLEY VILLAGE SQUARE, INC.,**                          :   (Chapter 11)
                                                           :
                                Debtor.                    :
                                                           :
---------------------------------------------------------- x

## ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7

Based upon the hearing held before this Court and the motion of Tracy Hope Davis, the United States Trustee for Region 2, and it appearing that appropriate notice has been given, and cause existing for the relief requested, as set forth in the record of the hearing, it is

ORDERED, that this case commenced under Chapter 11 of the Bankruptcy Code be and hereby is converted to a case under chapter 7 pursuant to 11 U.S.C. § 1112(b)(4), and it is further

ORDERED, that Ardsley Village Square, Inc. shall file (i) a schedule of unpaid debts incurred after the commencement of the Chapter 11 case within 15 days of the date of this order, and (ii) a final report within 30 days of the date of this order, pursuant to Federal Rule of Bankruptcy Procedure 1019(5).

Dated: White Plains, New York
              _____ \_\_, 2011

                                                    _____
                                                    HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                        : Case No. 10-24368 (RDD)
                                                             :
**ARDSLEY VILLAGE SQUARE, INC.,**                            : (Chapter 11)
                                                             :
                               Debtor.                       :
------------------------------------------------------------ x

## ORDER DISMISSING CHAPTER 11 CASE

Based upon the hearing held before this Court and the motion of Tracy Hope Davis, the United States Trustee, and it appearing that appropriate notice has been given, and cause existing for the relief requested, as set forth in the record of the hearing, it is

ORDERED, that this case commenced under Chapter 11 of the Bankruptcy Code be and hereby is dismissed pursuant to 11 U.S.C. § 1112(b)(4); and it is further

ORDERED, that Ardsley Village Square, Inc. pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten days of the entry of this order; and it is further

ORDERED, that the Court shall retain jurisdiction to enforce this order.

Dated: White Plains, New York
    _____ __, 2011
                                    _____
                                    HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
In re                                         :  Case No. 10-23468 (RDD)
                                              :
**ARDSLEY VILLAGE SQUARE, INC.,**             :  (Chapter 11)
                                              :
                       Debtor.                :
                                              :
------------------------------------------------------- x

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                     : ss
COUNTY OF NEW YORK   )

     I, Andrew D. Velez-Rivera, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on February 18, 2011, I caused to be served a copy of the Notice of Motion, the Memorandum of Law of the U.S. Trustee in Support of Motion for an Order Dismissing this Chapter 11, or Alternatively, Converting the Case to One Under Chapter 7 (the "Motion"), the Declaration of Andrew D. Velez-Rivera in Support of the Motion, the [proposed] Order Dismissing Chapter 11 Case, and the [proposed] Order Converting Chapter 11 Case to Chapter 7, by regular mail upon each of the parties listed on the attached service list by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the City and State of New York.

Dated: New York, New York                */s/ Andrew D. Velez-Rivera*

## SERVICE LIST

Francis J. O'Reilly, Esq.
10 McMahon Place
Mahopac, NY 10541

Bonnie L. Pollack, Esq.
Cullen and Dykman
100 Quentin Roosevelt Blvd.
Garden City, NY 11530

Con Edison
701 Westchester Ave.
White Plains, NY 10605

United Water
2525 Palmer Ave., No. 3
New Rochelle, NY 10801

Desmond C.B. Lyons, P.C.
16 New Broadway
Sleepy Hollow, NY 10591

Elhilow & Maiocchi, LLP
22 Saw Mill River Road
Hawthorne, NY 10532